**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RODNEY J. ROUSSELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1601** |
| **CHEX SYSTEMS, INC., ET AL.** | **SECTION: "P" (2)** |

**ORDER AND REASONS**

Before the Court is the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) (R. Doc. 23) filed by Defendant Chex Systems, Inc. ("Chex"). Despite being titled "motion to dismiss," Chex moves for dismissal only in the alternative. Chex first moves for an order quashing the purported service of process made upon Chex on September 22, 2026, and declaring that Chex is not required to answer or otherwise respond to the Complaint unless and until it is properly served in accordance with Federal Rule of Civil Procedure 4, and that Chex's time to respond shall run from the date of valid service.[1] Chex contends that on September 22, 2026, its registered agent for service of process was served with a summons directing Chex to serve an answer to the attached complaint within 21 days after service of the summons, but the Complaint was not attached.[2] Chex thus avers service of process was insufficient because Federal Rule of Civil Procedure 4(c)(1) requires that "[a] summons must be served with a copy of the complaint."[3]

When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity.[4] Plaintiff Rodney J. Roussell, who is proceeding *in forma pauperis* in this action, and on whose behalf service was made by the United States Marshals Service, has no personal knowledge of what the package of documents served upon Chex

[1] *See* R. Doc. 23-1 at 5.
[2] *Id.* at 2; R. Doc. 23-5.
[3] R. Doc. 23-1 at 2–5.
[4] *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

contained.[5] Rather than litigate that issue, Plaintiff filed a motion for the United States Marshals Service to re-serve Chex with the proper documents and for an extension of time to execute service under Federal Rule of Civil Procedure 4(m).[6] Plaintiff's motion was granted,[7] and according to the Process Receipt and Return executed by the United States Marshal Service, Chex was served with the summons and complaint on November 2, 2026.[8]

By requesting re-service on Chex and an extension of time to execute service, Plaintiff effectively concedes that the purported service of process upon Chex on September 22, 2026 may be quashed. Plaintiff opposes the instant motion filed by Chex only insofar as it seeks dismissal of Plaintiff's claims, given that Plaintiff has taken the necessary steps to cure the purported insufficient service of process.[9] The Court agrees that, based on the record in this action, the service of process on September 22, 2026 shall be quashed and that Chex's time to respond to the Complaint shall not run until Chex is properly served. The Court does not reach Chex's alternative request for dismissal.

Accordingly,

**IT IS ORDERED** that Defendant Chex Systems, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) (R. Doc. 23) is **GRANTED** as to the request to quash the purported service of process made on September 22, 2026.

**IT IS FURTHER ORDERED** that the purported service of process upon Defendant Chex Systems, Inc. made on September 22, 2026 is **QUASHED**.

---

[5] *See* R. Doc. 25.
[6] R. Doc. 25.
[7] R. Doc. 26.
[8] R. Doc. 29.
[9] R. Doc. 28.

**IT IS FURTHER ORDERED** that Defendant Chex Systems, Inc. is not required to answer or otherwise respond to the Complaint unless and until it is properly served in accordance with Federal Rule of Civil Procedure 4, and its time to respond shall run from the date of valid service.

New Orleans, Louisiana, this 13th day of November 2026.

Darrel James Papillion

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**